UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL CATANIA, ET AL.                                     CIVIL ACTION

VERSUS                                                              NO. 05-01418-JJB

ANCO INSULATIONS, INC., ET AL.

### RULING ON MOTIONS

This matter is before the Court on a Motion to Dismiss Survival Action as Prescribed (Doc. 130) filed by Defendant, Pharmacia Corp., against Plaintiffs Michael Catania, surviving spouse of Barbara Catania, and Kristen Catania, child of Barbara Catania (hereinafter "Plaintiffs").  Additionally before this Court is a Joint Motion for Partial Summary Judgment Dismissing Survival Claims (Doc. 132) filed by Defendants, Royal Indemnity Company as successor in interest to Queen Insurance Company of America and to Royal Insurance Company of America, solely in its capacity as an alleged insurer of the Aber Company, and the Travelers Indemnity Company and the Travelers Indemnity Company on behalf of the Travelers Insurance Company, solely as alleged insurers of The Aber Company (hereinafter "Royal and Travelers"), against Plaintiffs.  Jurisdiction exists pursuant to 28 U.S.C. § 1442.  Oral argument is not necessary.

### Factual Background

Barbara Catania was diagnosed with mesothelioma on approximately May 14, 2001, for which she and her husband filed suit on October 31, 2001, and

1

which was subsequently removed to this Court (hereinafter the "First Suit").[1]  The Catanias claimed that Barbara had been exposed to asbestos from 1951 through 1969, from the contaminated clothing of her uncles who were insulators.  During the jury trial, the Catanias advised the Court that a full settlement had been reached.[2]  On November 18, 2003, the Court issued a sixty-day dismissal order.[3]  Over the next several months, Plaintiffs filed numerous motions to dismiss as they perfected their settlements with the various defendants.  On May 19, 2004, the Court issued a final order dismissing the case, "with prejudice, each party to bear its own costs."[4]

Barbara Catania died on January 18, 2005.  On November 23, 2005, Michael Catania and Kristen Catania, Barbara Catania's daughter, filed suit against a number of defendants (hereinafter the "Current Suit").[5]  Some of the defendants had been previously sued in the First Suit, while others, including the moving Defendants, were not.  The Current Suit seeks damages for Barbara Catania's wrongful death.  On August 19, 2008, Plaintiffs amended their petition to assert survival claims.[6]

---

[1] Case No. 02-368.
[2] Case No. 02-368, Doc. 745.
[3] Case No. 02-368, Doc. 746.
[4] Case No. 02-368, Doc. 773.
[5] Case No. 05-01418.
[6] Case No. 05-01418, Doc. 80.

**The Survival Claims are Untimely**

Plaintiffs argue that the First Suit, filed by Barbara and Michael Catania on October 31, 2001, is still pending and prescription was interrupted with regard to Combustion Engineering, Inc., from whom Plaintiffs claim they have never received the full amount agreed upon in a March 12, 2004, settlement agreement.[7]  Plaintiffs state that under Louisiana law, the filing of a suit in a court of competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon.[8]  Additionally, they state that when prescription is interrupted as to one solidary obligor, prescription is interrupted as to all solidary obligors,[9] and that this interruption of prescription continues while the suit is still pending.[10]  Finally, Plaintiffs cite the case of *Hebert v. Doctors Memorial Hospital*[11] for the proposition that a suit is pending until a final judgment dismissing the case has been filed.  As such, Plaintiffs argue that prescription was interrupted with regard to Combustion Engineering, and still interrupted as to all joint tortfeasors, including Pharmacia, Royal, and Travelers, and that their survival claims against these Defendants are timely and should not be dismissed.

Notwithstanding Plaintiffs accurate account of certain Louisiana rules pertaining to prescription, this argument is without merit.  The code article

---

[7] Case No. 05-01418, Doc. 140-6 (Exhibit 5).
[8] La. Civ. Code Art. 3462.
[9] La. Civ. Code Art. 3503.
[10] La. Civ. Code Art. 3463.
[11] 486 So.2d 717 (La. 1986).

3

governing survival actions, Louisiana Civil Code Art. 2315.1,[12] expressly states that the period of limitations is one year.[13]  Courts have held that this one year period of limitations for a survival action is peremptive, rather than prescriptive.[14] When peremption applies, the statutory period cannot be interrupted.[15]  Barbara Catania died on January 18, 2005.  On August 19, 2008, over three years after her death, Plaintiffs amended their 2005 wrongful death action to assert survival claims.  Thus, this Court finds that under article 2315.1, the survival claims are not timely as they were brought more than a year from the time of Barbara Catania's death.[16]

**Substitution in the Current Suit would be Improper**

Plaintiffs additionally argue that because Barbara Catania instituted an action on her own behalf in the First Suit prior to her death, her beneficiaries may substitute themselves for the deceased in the Current Suit.  This argument is without merit.  While the Louisiana Supreme Court has recognized that a legal

---

[12] La. Civ. Code Art. 2315.1 states, in pertinent part:  "If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi-offense, shall survive **for a period of one year from the death of the deceased[.]** (emphasis added).

[13] *In re Factor VIII or IX Concentrate Blood Products Litigation v. Alpha Therapeutic Corp.*, 2000 WL 282787, *3 (E.D. La. March 14, 2000).

[14] *See Ayo v. Johns-Manville Sales Corporation*, 771 F.2d 902, 907 (5th Cir. 1985).  *See also, In re Factor VIII or IX Concentrate Blood Products Litigation* at *3; *Winningkoff v. American Cyanamid*, 2000 WL 235468, *7 (E.D. La. March 1, 2000); *Jones v. Philco-Ford Corp.,* 452 So.2d 370 (La. App. 1st. Cir. 1984).

[15] Louisiana Civil Code Art. 3461 ("Peremption may not be renounced, interrupted, or suspended.")  *See also Ayo v. Johns-Manville Sales Corp.,* 771 F.2d 902, 907 (5th Cir. 1985).

[16] The amended petition does not relate back to the original petition in the Current Suit.  In *Jones v. Philco-Ford Corp.,* 441 So.2d 1251 (La. App. 1st. Cir. 1983), the plaintiff initially filed a petition for wrongful death.  An amended petition, filed more than a year after the death, asserted elements of survivorship.  The court held that the survival action was untimely because it was filed more than a year from the date of death.  The timely filing of the wrongful death petition did not salvage the survival claim, nor was the amended petition allowed to relate back.  *See also Jones,* 452 So.2d at 372 (upholding original opinion on rehearing).

successor may be substituted for the deceased if the party dies during the pendency of an action, this principle is limited to a pending action.[17] The May 19, 2004 order effectively dismissed the First Suit in its entirety.[18]  Barbara Catania never had any claims in the Current Suit.[19]  There was no viable action into which the Plaintiffs could be substituted; therefore, the Plaintiffs acquired only a right to institute an action for survival damages within one year from the time of Barbara Catania's death.   This, the Plaintiffs failed to do.   Substitution is clearly inapplicable.

## Conclusion

Accordingly, Pharmacia Corp.'s Motion to Dismiss Survival Action as Prescribed (Doc. 130) is hereby GRANTED.  Royal and Travelers Joint Motion

---

[17] *Guidry v. Theriot*, 377 So.2d 319 (La. 1979), *abrogated on other grounds by Louviere v. Shell Oil Co.,* 440 So.2d 93 (La. 1983).

[18] Plaintiffs cite the case of *Pope v. Manville Forest Productions*, 778 F.2d 238,239 (5th Cir. 1990), for a variety of propositions as to why any final order dismissing the First Suit would have been prohibited by the automatic stay of 11 U.S.C. §362.  These propositions include "the stay, by its statutory words, operates against the commencement or continuation of judicial proceedings" and that "ordinarily the stay must be construed to apply to dismissals as well as other proceedings."  However, this argument is without merit, and this case is distinguishable for a number of reasons.  Most significantly, in the instant case, a settlement agreement had been reached between the Catanias and Combustion Engineering in the First Suit, whereas in *Pope*, no such settlement agreement was ever reached between the plaintiff and the bankrupt party.  Additionally, the Fifth Circuit stated in *Pope*, as well as in *Arnold v. Garlock, Inc.*, 288 F.3d 234,236 (5th Cir. 2002), that the *Pope* case was to be limited to the specific facts of that case.  Unlike the instant matter, *Pope* was an employment discrimination case, and the bankrupt party was the only defendant, so there was no issue of proceeding against other defendants.

[19] Any actions the Catanias may have had against the bankrupt defendants A.P. Green Industries, Inc., ACandS, Inc., and Kaiser Aluminum & Chemical Corporation should have been brought in the First Suit and are not considered "pending" for purposes of the Current Suit.  Here, the Court dismissed the First Suit, "without prejudice," pertaining only "to the right…within sixty days, to reopen the action if the settlement is not consummated," and the Court retained jurisdiction solely "to enforce the settlement, if necessary."  Case No. 02-368, Doc. 746.  Plaintiffs had represented to the Court that a full settlement had been reached, Case No. 02-368, Doc. 745, and they did nothing within the sixty-day period to suggest to the Court that they had not consummated their "full settlement."  This dismissal order was effective as to these remaining bankrupt parties from the First Suit, and the May 2004 order acted as a final judgment of dismissal for the entire suit.  *Davis v. Johns-Manville Products*, 766 F.Supp. 505 (E.D. La. May 3, 1991) (holding that case remained pending until the judgment of dismissal was signed).

for Partial Summary Judgment Dismissing Survival Claims (Doc. 132) is hereby GRANTED.

Signed in Baton Rouge, Louisiana, on May 13, 2009.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6