UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT

MICHAEL CATANIA, ET AL.

VERSUS

ANCO INSULATIONS, INC., ET AL.

CIVIL ACTION

No. 05-1418-JJB

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a motion for summary judgment by defendant Pharmacia Corp., formerly known as Lion Oil Co. (Doc. 179.)   Plaintiffs filed an opposition (doc. 185) and defendant has filed a reply (doc. 190).  Plaintiffs then filed a response to defendant's reply. (Doc. 194.)

Plaintiffs allege that decedent, Barbara Catania, was exposed to asbestos from Lion Oil products brought home on the clothes of her uncles.   Defendant argues that there is no evidence that the decedent had any exposure to Pharmacia's products. Furthermore, defendant argues that the deposition of Victor Reno and certain articles supporting plaintiff's claims are inadmissible.[1]  For the following reasons, this Court finds that plaintiffs have shown that there is a genuine issue for trial regarding whether Ms. Catania was exposed to asbestos fibers from the defendant's products.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *See*

---

[1]  Victor Reno is available to testify at trial.   No evidence has been submitted suggesting that Mr. Reno's memory is impaired. Indeed, Mr. Reno, 76, is actively employed and operates his own company. (Doc. 194.)  Therefore, the Court finds that the deposition of Victor Reno is admissible for purposes of deciding the defendant's motion for summary judgment.  There is no need to address the admissibility of the articles because they were not relied on by the Court in deciding this motion.

1

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case.  *See id.*  The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case.  *See id.*

Although the Court considers the evidence in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden.  If, once the non-movant has been given the opportunity to raise a genuine issue of material fact, no reasonable juror could find for the non-movant, summary judgment will be granted.  *See Celotex Corp.*, 477 U.S. at 322; *see also* Fed. Rule Civ. P. 56(c).

Here, plaintiffs allege that the decedent was exposed to asbestos from Lion Oil products.  Thus, plaintiffs must provide evidence establishing that this exposure was a substantial contributing factor to decedent's injuries.  *Egan v. Kaiser Aluminum & Chem. Corp.*, 677 So. 2d 1027 (La. App. 4th Cir. 1996).  A substantial contributing factor is not necessarily the sole cause, but one that increases the risk of harm.  *Hennegan v. Cooper/T. Smith Stevedoring Co., Inc.*, 837 So. 2d 96, 102 (La. App. 3d Cir. 2002).

Moreover, Louisiana courts have recognized that even small amounts of asbestos fibers can be a substantial contributing factor to the development of mesothelioma, the disease contracted by decedent.  *See Bonnette v. Conoco, Inc.*, 837 So. 2d 1219, 1230-32 (La. 2003)*; Egan* at 1035 ;  *Hennegan* at 102-108..

Plaintiffs' depositions indicate that there is a genuine issue of material fact as to whether the decedent was exposed to asbestos-containing Lion Oil products brought home on the clothes of her uncles, Peter Giordano, Russell Reno, and Victor Reno. Decedent previously testified that from the age of two or three she regularly spent several nights a week at Giordano's home and often helped her aunt wash Giordano's work clothes. (Barbara Catania Dep. 89-93, 56-57, 135, 153, doc. 185, ex.1.)  Giordano testified that before changing out of his dirty and dusty work clothes he played with and hugged decedent. (Peter Giordano Dep. at 46, doc. 185, ex. 4.)  The decedent's cousin, Phyllis Reno Guy, confirmed this testimony. (Phyllis Reno Guy Dep. 39-40, 54-56, doc. 185, ex. 5.)   Giordano also testified that in the 1950s he worked with asbestos containing mastics on every insulation job that he performed and that these products created dust. (Peter Giordano dep. 105-106, doc. 185, ex. 4.)  This work included the removal of asbestos containing mastic on certain repair jobs. (*Id.* 105-106.)  A former co-worker of Giordano's indicated that some of the products they used while working together were manufactured by Lion Oil Co. (Columbus Daigle Dep. 10-18, doc. 185, ex. 15.)

Plaintiffs also provided evidence that Russell Reno worked with Lion Oil products that contained asbestos.  Russell Reno testified that decedent was often at his home. (Russell Reno Dep. at 20, doc. 185, ex. 9.)  Indeed, decedent often played with Russell Reno before he changed out of his work clothes. (Phyllis Reno Guy Dep. 34-37, doc. 185, ex. 5.)  Russell Reno's brother, Victor Reno, testified that his brother worked at the Gulf States Utilities Plant, where Lion Oil asbestos-containing mastics were used. (Victor Reno Dep. 70-71, doc. 185, ex. 3.)  Columbus Daigle, who was also a co-worker

of Russell Reno, specifically recalled seeing Russell Reno work with Lion Oil asbestos-containing mastics. (Columbus Daigle Dep. 73-74, doc. 185, ex. 15.)

Finally, evidence was provided that shows Victor Reno worked with Lion Oil products that may have come into contact with decedent.  Reno testified that decedent would hug him every time she saw him. (Victor Reno Dep. at 11, doc. 185, ex. 3.)  He stated that once a week, or every other week, he would stop by decedent's house while still in his work clothes. (*Id.* at 10, 12.)  He also stated that he would regularly visit Peter Giordano's home while still in his work clothes and that decedent was often there at that time. (*Id.* at p. 12.)  Victor Reno testified to using Lion Oil asbestos-containing mastics at numerous times and at numerous locations. (*Id.* at 14-16, 18-19, 22-23, 26, 56-61.)

Viewing the evidence in the light most favorable to the plaintiff, there exists genuine issues of material fact for trial.

Accordingly, defendant's motion for summary judgment (doc. 179) is hereby **DENIED.**

Baton Rouge, Louisiana, September ___18th___, 2009.


_____
**James J. Brady, Judge**
**Middle District of Louisiana**