UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL CATANIA, ET AL.

VERSUS

ANCO INSULATIONS, INC., ET AL.

CIVIL ACTION

NO. 05-1418-JJB

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on two motions. First, Defendant Pharmacia Corp. ("Pharmacia"), corporate successor to Lion Oil Co. ("Lion Oil"), filed a motion for summary judgment (doc. 202). Plaintiffs filed an opposition (doc. 218) and Pharmacia filed a reply (doc. 224). Plaintiffs then filed a surreply. (Doc. 227).

The second motion (doc. 203), filed by Defendant Royal Indemnity Co. ("Royal"), the alleged insurer of Aber Company ("Aber"), also seeks summary judgment.[1] Plaintiffs filed an opposition. (Doc. 217.) Although Royal requested oral argument, oral argument is not necessary for the disposition of this motion.

This litigation arises out of the death of Barbara Catania ("Decedent"), whose death allegedly resulted from mesothelioma. Decedent allegedly contracted mesothelioma through exposure to asbestos fibers embedded in the clothing of three of her uncles. Following Decedent's death, Plaintiffs brought suit against multiple companies, including Defendants.

---

[1] Plaintiff correctly asserts that Royal filed this motion one day after the deadline set by the Court for dispositive motions. However, a refusal to allow the motion to go forward under the circumstances of this case would be contrary to the interests of justice. Thus, the Court will consider Royal's motion.

Analysis

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *See id.*

Although courts consider evidence in the light most favorable to the non-movant, the non-movant may not rest on mere allegations set forth in the pleadings. Instead, the non-movant must establish that there is a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden. If, once the non-movant has been given the opportunity to raise a genuine issue of material fact, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex Corp.*, 477 U.S. at 322; *see also* Fed. Rule Civ. P. 56(c).

The issue before the Court is whether Defendants owed Decedent a duty of care,[2] which is a question of law. *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La. 3/10/06), 923 So. 2d 627, 633. A duty is generally defined as "the obligation to conform to the standard of conduct associated with a reasonable man in like circumstances."

---

[2] Under Louisiana Law, the elements in a negligence case are (1) but-for causation, (2) duty, (3) breach, and (4) whether the risk of harm was within the scope of the duty. *Faulkner v. The McCarty Corp.*, 02-1337 (La. App. 4th Cir. 6/11/03), 853 So. 2d 24, 28.

*Fox v. Bd. of Supervisors of La. State Univ. and Agric. & Mech. Coll.,* 576 So. 2d 978, 981 (La. 1991). The existence of a duty often depends upon any categorical rules excluding liability as to whole categories of claimants or of claims.[3] *Fowler v. Roberts*, 556 So. 2d 1, 6 (La. 1989). In making its determination, however, a court considers "the unique facts and circumstances presented." *Lemann*, 923 So. 2d at 633.

*Royal Indemnity Co.*

Royal contends that Aber did not owe a duty of care to Decedent, and therefore is not liable for her death. First, Royal argues that the risk of an employee's family member contracting mesothelioma was not foreseeable at the time of the alleged exposures. Alternatively, Royal argues that any duty of care would only extend to an employee's household family members, which Decedent was not.

a. *Foreseeability*

Royal argues that Aber did not owe Decedent a duty of care because at the time of the alleged exposures, it did not appreciate the risk of non-employees developing mesothelioma. Although there is some dispute as to when the risks of developing mesothelioma from asbestos became known,[4] the critical issue is a defendant's knowledge of the risks of asbestos, rather than the specific risk of mesothelioma. *See Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), 16 So. 3d 1065, 1087. Thus, foreseeability depends upon knowledge regarding the risk that employees could carry asbestos home and thereby cause injury to others.

---

[3] On the other hand, the scope of protection element depends on whether the specific injury falls within the duty. *Fowler,* 556 So. 2d at 6.
[4] Frank Parker Dep. 82 (doc. 217, ex. 2).

3

In 1951, the Walsh-Healey Act addressed the hazards of asbestos and required that employers provide a change of clothing to employees to prevent them from carrying asbestos home.[5] Despite this act's exclusive application to federal contractors, the Louisiana Supreme Court has found that the act evidences "a level of knowledge that pervaded the industry" and shows "a growing understanding and awareness of a serious problem regarding asbestos." *Rando,* 16 So. 3d at 1086-87. In fact, the Louisiana Legislature listed asbestosis as an occupational disease as early as 1952. *Id.* "Although asbestosis may not be equated with mesothelioma, it and mesothelioma share a causative agent, asbestos." *Id.* Therefore, the risks of asbestos, including risks from employees carrying it home on clothing, were foreseeable.

b.  *Duty of Care*

Royal also argues that, even if the risk was foreseeable, Aber did not owe a duty to Decedent because a duty of care should not extend beyond an employee's immediate household family members. *See Zimko v. American Cyanamid*, 03-0658 (La. 4th Cir. 6/8/05), 905 So. 2d 465, 483 (extending the employer's duty to the employee's son). In *Zimko*, the court held that employers have a duty to "act reasonably in view of the foreseeable risks of danger to household members of its employees." *Id.* at 483.

Royal argues that the Court should not extend *Zimko*-liability beyond household members, yet it has not provided Louisiana authorities that similarly restrict *Zimko.* The analysis in *Zimko* is instructive, however, as the court reasoned that "it is hardly a quantum leap" to extend an employer's duty from covering employees to including "members of the employee's household who predictably come into routine contact with

---

[5] Parker Dep. 74-75, 77, 135 (doc. 217, ex. 4); Walsh-Healey Act (ex. 7).

the employee's clothing." *Id.* Similarly, it is a small leap to find that Aber owed a duty to Decedent, whose relationship with her uncles very much resembled that of a household member who came into routine contact with her uncles' clothing.[6]

Indeed, evidence presented indicates that Decedent's family spent as much time together as possible.[7] As a child, Decedent regularly spent several nights a week at the home of Peter Giordano and also spent time at the home of Russell Reno.[8] Moreover, the family frequently gathered together on evenings and weekends at the family farm[9], where Victor Reno lived until 1955.[10] If Aber caused Decedent harm, it resulted under the same circumstances for which *Zimko* imposed a duty: those who predictably come into routine contact with an employee. Because Decedent came into routine contact with her uncles, employers of Aber, the Court finds that Aber owed her a duty of care.

*Pharmacia*

Pharmacia argues that as a manufacturer, rather than an employer, Lion Oil. could not control Decedent's uncles' conduct, which should prohibit any finding of a duty between Lion Oil and Decedent. Although Pharmacia argues that such a duty is broader than any recognized under Louisiana law, it does not provide Louisiana law that would prevent the Court from imposing that duty. Indeed, Louisiana jurisprudence regarding asbestos manufacturers suggests that a manufacturer should owe a duty to a

---

[6] The Court declines to define what constitutes a household member, as obvious dilemmas would arise.
[7] Victor Reno Dep. 238 (doc. 185, ex. 8).
[8] Catania Dep. 89-93, 180 (doc. 185, ex. 3).
[9] *Id.* at 66.
[10] Victor Reno Dep. 178-79 (doc. 185, ex. 7).

person in Decedent's position.  Although duty is an element of negligence, the Court finds instructive Louisiana law on strict liability.

Under Louisiana strict liability principles applicable to this period, a manufacturer of an unreasonably dangerous product bears the costs its product inflicts on helpless users.  *Halphen v. Johnson Manville Sales Corp.*, 484 So. 2d 110, 118 (La. 1986).[11]  In fact, a manufacturer need not even have knowledge of the danger so long as the product is unreasonably dangerous per se.  *Id.* at 115; *Johnstone v. American Oil Co.*, 7 F.3d 1217, 1219 (stating that the manufacturer's knowledge is irrelevant because the focus is on the product itself).[12]  Thus, there is some precedent for holding manufacturers to a high standard.

Upon review, the Court has little reservation in finding that Lion Oil owed a duty to Decedent in this case.  Between the manufacturer and the employer, it seems reasonable to hold the manufacturer of a dangerous product to a stricter duty.  Indeed, Lion Oil could have prevented Decedent's uncles from exposing her to asbestos by not exposing her uncles to asbestos.  Thus, the Court finds that Lion Oil, as a manufacturer of an asbestos product, owed a duty of care to Decedent.

## Conclusion

In sum, the Court finds that under the unique facts and circumstances presented, Aber Co. and Lion Oil both owed Decedent a duty of care.

---

[11] *Halphen* was in part superceded by the Louisiana Products Liability Act, Acts 1988, No. 64, but that act's effective date is September 1, 1988, thus it is not applicable to this case.
[12] There is some evidence, however, that Defendant knew of the dangers, as the medical director of its corporate predecessor testified.  R. Emmett Kelly Dep. 1140 (doc. 219-3).

Accordingly, Pharmacia's motion for summary judgment (doc. 202) is hereby DENIED. Also, Royal's motion for summary judgment (doc. 203) is hereby DENIED.

Baton Rouge, Louisiana, November 17th, 2009.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**