FILED
U.S. DIST COURT
         LA
2009 NOV 23  A 10: 19

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL CATANIA, ET AL.

VERSUS

ANCO INSULATIONS, INC., ET AL.

CIVIL ACTION

NO. 05-1418-JJB

## RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on a motion (doc. 200) for summary judgment regarding Plaintiffs' premises liability claim, filed by Defendant Pharmacia Corp. ("Pharmacia"). Plaintiffs filed an opposition (doc. 220). There is no need for oral arguments. For the following reasons, Pharmacia's motion is DENIED.

This litigation arises out of the death of Barbara Catania ("Decedent"), whose death allegedly resulted from mesothelioma. Decedent allegedly contracted mesothelioma through exposure to asbestos fibers embedded in the clothing of three of her uncles. Following Decedent's death, Plaintiffs brought suit against multiple companies, including Pharmacia.

Pharmacia argues that until recently, Plaintiffs' claims against it solely concerned products liability. Now, however, Plaintiffs attempts to include a premises liability claim. Because this claim arises late in the litigation, Pharmacia moves the Court to prohibit Plaintiffs from proceeding on a premises liability

1

claim. Plaintiffs respond that the allegations and factual evidence include and support its claims for premises liability against Pharmacia.

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must provide fair notice of the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Thus, if Plaintiffs' pleadings provided fair notice, then the Court will not prevent Plaintiffs from proceeding on this claim.

Plaintiffs' petition alleges that Decedent's worked on the premises of various employers and pro vides a list of such employers. Although neither Pharmacia nor its corporate predecessors is named, this list of employers is not exhaustive, as evidenced by the Plaintiffs' use of the term "including, but not limited to, the following."[1] Thus, that paragraph does not attempt to name all defendants against whom Plaintiffs claim premises liability. Rather, taken as a whole, Plaintiffs' petition applies to "all of the hereinabove named defendants."[2]

Although Pharmacia complains that allowing Plaintiffs to proceed on their premises liability claim would be "totally unfair and improper,"[3] Pharmacia has not illustrated actual prejudice. Even if Pharmacia had alleged prejudice, the parties have yet to submit a final pretrial order, which will supersede all prior pleadings. See *McGehee v. Certaintee Corp.,* 101 F.3d 1078, 1080 (5th Cir. 1996); *see also*

---

[1] Pet. ¶ 5.
[2] *Id.* ¶ 71.
[3] Pharmacia's Mem. Supp. Mot. Partial J. 3 (doc. 200-2).

2

*Allied Chemical Corp. v. Mackay,* 695 F.2d 854, 855-56 (5th Cir. 1983) (allowing a party to raise issues in the pretrial order where the delay was not purposeful strategy). Indeed, here, it does not appear that Plaintiffs attempted to hide this claim from Pharmacia, but that Pharmacia could have learned of the claim through due diligence.

Accordingly, Pharmacia's motion for partial summary judgment (doc. 200) is hereby DENIED.

Baton Rouge, Louisiana, November 23, 2009.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA