UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL CATANIA, ET AL.

VERSUS

ANCO INSULATIONS, INC., ET AL.

CIVIL ACTION

NO. 05-1418-JJB

**RULING AND ORDER**

The matter before the Court is Defendant Foster Wheeler, Inc.'s motion in limine (doc. 257) to preclude any evidence of exposure to asbestos associated with Defendant's projects without the Plaintiffs first establishing that Defendant had possession and control of the improvement at the time of the exposure/injury. Plaintiffs filed an opposition. (Doc. 283.) The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant argues that any claims against it are perempted under Louisiana law. *See* La. Rev. Stat. Ann. 9:2772 (captioned "Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon"). Unlike prescription, peremption is subject to neither interruption nor suspension. *Bunge Corp. v. GATX Corp.*, 557 So. 2d 1376, 1379 (La. 1978).

Yet, in order for this statute to apply, Defendant must prove that it "performed the construction of [an] improvement, as the statue is 'inapplicable to contracts of sale.'" *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 201-02 (5th Cir. 2002). Whether the contracts identified in Defendant's responses are for

1

improvements or for sales is a question of fact to be determined by the factfinder. Because the Court cannot yet decide the issue of peremption, the Court cannot limit Plaintiffs' evidence to reflect peremption. Should evidence at trial establish that the peremption statute applies, the Court will properly instruct the jury with limiting instructions.

Accordingly, Defendant's motion in limine (doc. 257) to preclude any evidence of exposure to asbestos associated with Defendant's projects is hereby DENIED.

Signed in Baton Rouge, Louisiana, on July 15, 2010.

---

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**